UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE GORDON,

                    Plaintiff,

        -against-

ARNOLD GORDON, ET AL.,

                    Defendants.

25-CV-0170 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated her rights. By order dated February 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against twenty-five defendants, including TD Bank; the "79th

Precinct," presumably of the New York City Police Department ("NYPD"); the United States

Postal Service ("USPS"); Chase Bank; Citi Bank; Parkside Dental Care; Unique Dental Care;

and "Fire Department Engine 214"; as well as various individuals. Plaintiff alleges,

> I have submitted an extensive detailed synopsis on several matters including
> multiple individuals. I have requested assistance from multiple agencies but my
> efforts have been wasted. I've gone to my local precinct and they've ignored or
> very obviously showed bias or disinterest in assisting me. I was able to acquire a
> case that is now active through HUD/Urban Federal Housing through VAWA Act
> (violence against women's act). This is clearly a crime ring that has the help of
> individuals with money and influence including law enforcement. They have
> stolen and mishandled my mail to persist and get away with fraud. I've visited my
> local USPS and they have insisted on also assisting these individuals. Identity
> theft has occurred with selling and [illegible] my credit history. Backdooring and
> accepting payments in my name through the Department of Treasury and Finance.
> Hacking cloning my phone/phone numbers/and devices. Stalking harassment and
> stealing my intellectual property. Sexual assault and abuse many times at my
> residency. Drugging and poisoning my food and liquids contaminating my facial
> makeup products and feminine hygiene products[.] I've visited the hospital
> numerous times regarding this matter.[1]

(ECF 1, at 6.)

> As relief, Plaintiff states she

> would like to be recompensated for the deed fraud and theft for these individuals
> worked together to scam me and my daughter out of our residence. They are
> blocking me from employment and exponging negative false remarks on my
> credit[.] If the police department took my claims seriously and investigated

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless otherwise noted.

properly this wouldn't have gone this far. I want to be compensation for pain, suffering, and neurological damage.

(*Id.*)[2]

## DISCUSSION

### A.    Rule 8

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

---

[2] Plaintiff previously brought an action in this court against some of the same defendants, in which she may have asserted overlapping factual allegations. *See Gordon v. Gordon*, No. 24-CV-6971 (LTS) (S.D.N.Y. Jan. 22, 2025). By order dated December 10, 2024, the Court dismissed that action for failure to state a claim on which relief may be granted, but granted Plaintiff 30 days' leave to replead her claims. ECF 1:24-CV-6971, 9. Because Plaintiff did not file an amended complaint within 30 days, on January 22, 2025, the Clerk of Court entered judgment. On January 28, 2025, the Court received a letter from Plaintiff stating that she never received the Court's previous order of dismissal. By order dated February 12, 2025, the Court construed Plaintiff's letter as a motion for reconsideration, granted the motion, and directed her to file an amended complaint within 30 days. ECF 1:24-CV-6971, 12. Plaintiff has not yet filed an amended complaint in that action.

complaint suffice if it tenders naked assertions devoid of further factual
enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal

conclusions from well-pleaded factual allegations, the court must determine whether those facts

make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8 because her allegations do not

suggest a viable claim against any of the defendants. The complaint sets forth various conclusory

assertions about a "crime ring" that has stolen her mail and her identity, "clon[ed]" her phone,

assaulted her, and drugged and poisoned her food. (ECF 1, at 5, 6.) With the exception of the

NYPD's 79th Precinct, discussed below, Plaintiff alleges no facts describing how any of the

named defendants were involved in these alleged events or what they did that violated her rights.

In fact, the majority of the of the disparate defendants – which include private individuals, dental

offices, and banks, among others – are not mentioned in the complaint at all.

The Court therefore dismisses the complaint for failure to state a claim on which relief

may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims against the 79th Precinct**

Although the complaint is confusing, the Court understands Plaintiff's allegations that her

"local precinct" has "ignored" her or "showed disinterest" in assisting her as attempting to assert

claims under 42 U.S.C. § 1983 that the NYPD's 79th Precinct failed to investigate her claims.

(ECF 1, at 6.) As an initial matter, any claims against the 79th Precinct or the NYPD itself must

be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y.

City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

violation of any law shall be brought in the name of the city of New York and not in that of any

agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93

n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y.

2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Even if the Court were to construe Plaintiff's claims as being asserted against the City of

New York, such claims must still be dismissed. When a plaintiff sues a municipality under

Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees

or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself

caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011)

("A municipality or other local government may be liable under . . . section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692

(1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a

Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the

existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice

caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691

F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal

citations omitted). If there is no underlying constitutional violation, the Court need not examine

whether the municipality or other local government entity is liable under Section 1983. *See Segal*

*v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Plaintiff alleges that her rights were violated when NYPD officers failed to investigate

her claims. There is, however, generally no federal constitutional duty requiring a government

official to investigate or protect an individual from harm. *See Town of Castle Rock v. Gonzales*,

545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189,

195-96 (1989); *Gong v. Sarnoff*, No. 23-CV-0343 (LJL), 2024 WL 3638335, at *7 (S.D.N.Y.

Aug. 1, 2024) ("It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody. Also, [i]t is well established that [t]here is no constitutional right to an investigation by government officials." (internal quotation marks and citations omitted, alterations in original)); *see also Baltas v. Jones*, No. 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'" (citation omitted)); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983." (internal quotation marks and citation omitted)).

There are two recognized exceptions to this general rule: (1) "when [a government official] takes a person into [the government official's] custody and holds [her] there against [her] will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for [her] safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when a state actor affirmatively creates or increases a danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). If one of these exceptions is met, the plaintiff must also show that the government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

Here, Plaintiff does not allege any facts showing that any NYPD or other City of New York official (1) took Plaintiff into custody and held her against her will, and did not protect her from harm, or (2) affirmatively created or increased a danger to her. Nor does Plaintiff allege any facts showing and NYPD or City of New York official's alleged behavior was so egregious or

outrageous such that any of those individuals' alleged failure to properly investigate Plaintiff's complaints, or their failure to protect Plaintiff, would shock the contemporary conscience.

Finally, because Plaintiff has not alleged an underlying constitutional violation, the Court need not examine whether Plaintiff has stated a viable claim against the City of New York under Section 1983. *See Segal*, 459 F.3d at 219. The Court therefore dismisses Plaintiff's failure-to-protect claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.    Motion for the Court to request *pro bono* counsel**

Along with the complaint, Plaintiff also filed a motion for the court to request *pro bono* counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*,

877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court is dismissing this action with leave to replead, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that amendment is futile at this time, the Court grants Plaintiff 30 days' leave to amend her complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's motion for court to request *pro bono* counsel without prejudice to renewal at a later time. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    May 27, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge