UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE GORDON,<br><br>                  Plaintiff,<br><br>-against-<br><br>ARNOLD GORDON, ET AL.,<br><br>                  Defendants. | 25-CV-0170 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights. By order dated May 27, 2025, the Court dismissed the complaint, but granted Plaintiff leave to file an amended complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on June 26, 2025. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

In the original complaint, Plaintiff named 25 unrelated defendants and set forth a confusing set of allegations suggesting that law enforcement had failed to protect her from being the victim of various crimes including stalking, stealing her intellectual property, and drugging and poisoning her makeup and hygiene products. (*See* ECF 1, at 6.) By order dated May 27, 2025, the Court held that the complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure because it did not contain a short and plain statement showing she was entitled to relief, and her allegations did not suggest a viable claim against any of the defendants. The Court noted that that, with the exception of the New York City Police Department's 79th Precinct, which is not a suable entity, the complaint alleged no facts describing how any of the named

defendants violated her rights or were involved in the events giving rise to her claims. The Court granted Plaintiff leave to replead her claims in an amended complaint that complies with Rule 8.

On June 26, 2025, Plaintiff filed an amended complaint. She names 27 defendants, including various private individuals, the NYPD's 79th Precinct (despite the Court's previous dismissal of this defendant), CitiBank, TD Bank, Verizon, Bayside/Parkside Dental Care Partners, Mount Sinai Hospital, JC Salons, Jasco Realty, the New York State Department of Taxation and Finance, Legal Zoom, the Brooklyn Family Court's Clerk's Office, and Cutting Room Floor Studios. Plaintiff invokes the Court's federal question jurisdiction, and, in response to the question on the complaint form asking which of her federal constitutional or statutory rights were violated, Plaintiff writes, "Non-consentual of power of attorney civil rights and human rights with unlawful surveillance and false investigation[.] Embezellment. Forgery of court and government documents[.] Medical malpractice. Impersonation during court hearings. Gang stalking[,] character defamation and spread of false information."[1] (ECF 10, at 5.)

The amended complaint is similar in style and substance to the original complaint. Plaintniff states that her claims arose in New York City, Brooklyn, and Jersey City, New Jersey between 2022 and 2024. She alleges,

> The individuals listed in the defendant list took part in character defamation and the spread of false and misinformation encouraging stalking + false investigation and illegal surveillance. Violating several privacy acts and laws, inciting public aggression and rioting, harming me physically and mentally with the help of a well known influential individual not named in this case due to lack of my resources. These individuals have also forged document committed tax fraud and identify theft with substantial evidence proving this. Relentlessly causing bodily harm and grand larceny on several occasions. Contacting securities companies and bribery to interfere with open investigations and committing perjury. Disposing and deleting evidence I have gathered for my own discovery.

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original document unless otherwise noted.

(*Id.* at 8.)

Plaintiff suggests that her rental company ignores her complaints, harasses her, alters documents, and disposes of her receipts. (*Id.* at 3.) Plaintiff's "credit card and social [was] sold to individuals involved in an extensive crime ring" who are guilty of embezzlement and identity theft. (*Id.*) Corporations, such as Defendant JC Salons, are "aware of misappropriation of funds and unethical grant dispersement" and government agencies with which Plaintiff has filed information requests have "given incorrect information purposely and their employees exhibiting misconduct and or violating code of ethics." (*Id.*) Individual defendant Kriselle Cedero "created a false case impersonating [Plaintiff] on social media and via [her] past phone numbers and phone line and spread false information and character assassination and defamation." (*Id.* at 4.) Additionally, the defendant movie studios "help[ed] [Plaintiff's] intellectual property to be stolen" and "alter[ed] [her] voice and lik[e]ness to aide in identity and property theft." (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

**A.     Federal claims**

The Court dismisses the amended complaint because, like the original complaint, it does not comply with Rule 8 of the Federal Rule of Civil Procedure. Plaintiff's allegations do not suggest a viable federal claim against any of the 27 disparate defendants. The amended complaint sets forth various conclusory assertions about "character defamation" (ECF 10, at 8), illegal surveillance, identity theft, an "extensive crime ring" (*id.* at 3), "misappropriation of funds" by a salon (*id.*), and stolen intellectual property. Many of the defendants – which include banks, Plaintiff's family members, a dental office, a hospital, a salon, and the Clerk's Office of the Brooklyn Family Court – are not mentioned at all, and when Plaintiff does mention a defendant, she does not allege any facts that plausibly suggest a viable federal claim. The Court

therefore dismisses Plaintiff's federal claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has already been granted an opportunity to amend, and because nothing in amended complaint suggests that further amendment could cure the deficiencies identified by the Court, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's application for the court to request *pro bono* counsel as moot. (ECF 9.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   August 26, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge