UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CATHERINE GORDON,

                Plaintiff,

        -against-

ARNOLD GORDON, ET AL.,

                Defendants.

25-CV-0170 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On August 28, 2025, the Court dismissed this action for failure to state a claim on which relief may be granted. (ECF 11.) As part of that order, the Court denied Plaintiff's application for the court to request *pro bono* counsel as moot. The Clerk of Court entered judgment on the same day. On September 4, 2025, Plaintiff filed a letter requesting that the Court "reverse" its decision to deny her request for *pro bono* counsel. (ECF 13.) On September 12, 2025, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 14.)

    The Court liberally construes Plaintiff's September 4, 2025 letter as a motion for relief under Fed. R. Civ. P. 60(b) from its order denying her request for counsel. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)).

**DISCUSSION**

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider her motion for relief under Rule 60(b). Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure, however, provides that a district court has jurisdiction to rule on a motion under Rule 59 or Rule 60 if a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of the order. Fed. R. App. P. 4(a)(4)(A). If a party files a notice of appeal before the district court disposes of such a motion, then the notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, the Clerk of Court entered judgment on August 28, 2025. Plaintiff therefore had 28 days to file a timely motion for reconsideration. *See* Fed. R. Civ. P. 59(e). She filed his motion on September 4, 2025, within 28 days after the Court entered judgment. The Court therefore has jurisdiction to consider her request. *See* Fed. R. App. P. 4(a)(4)(B)(iv).

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff has failed to demonstrate that she is entitled to relief under any of the clauses of Rule 60(b). She seeks reconsideration of the Court's decision to deny her request for *pro bono* counsel in a case that was dismissed and is now closed. The Court denies her request for reconsideration because she does not demonstrate any reason why the Court should reconsider its decision to deny her request for counsel as moot. To the extent Plaintiff is seeking *pro bono* counsel to represent her in her appeal, such a request must be directed to the Court of Appeals for the Second Circuit at the appropriate time.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 13) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 17, 2025
        New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge